UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| ANTONIO CRUZ, | ) | CASE NO. 1:08 CV 2337 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| v. | ) | |
| | ) | <u>MEMORANDUM OF OPINION</u> |
| TERRY COLLINS, *et al.*, | ) | <u>AND ORDER</u> |
| | ) | |
| Defendants. | ) | |

On October 2, 2008, *pro se* plaintiff Antonio Cruz filed this action under 42 U.S.C. § 1983 against Ohio Department of Rehabilitation and Correction ("ODRC") Director Terry Collins, Management Training Corporation ("MTC"), Lake Erie Correctional Institution ("LECI") Warden Richard Gansheimer, and MTC shareholders John Does 1 and 2. In the complaint, plaintiff alleges he did not receive prompt surgical care for his broken arm. He seeks monetary damages.

**Background**

Mr. Cruz was incarcerated in LECI, a private prison owned and operated by MTC. In June 2006, he broke his arm. LECI took him by ambulance to a local hospital. He claims that the hospital refused to provide the treatment he needed because the prison would not agree to pay the expenses. Instead, Mr. Cruz was transferred to the Grafton Correctional Institution ("GCI"). The physician at GCI examined Mr. Cruz, and referred him to the Ohio State Medical Center,

which contracts with the ODRC to provide medical care above that which can be given at the correctional institutions. Mr. Cruz's arm was surgically repaired by taking bone from his hip to reshape the fractured arm. He claims he has suffered permanent reduction in the use of his arm and an increased risk of fracturing his hip in the spot where the bone was harvested. He claims that his treatment was delayed by his transfers between prisons.

Mr. Cruz asserts that the defendants contributed to the extent of his injuries. He claims that under its contract with the ODRC, MTC is not responsible for payment of medical costs incurred by inmates outside of the institution. He contends that:

> by...negotiating the contract without requiring the contracting party MTC to shoulder the burden of inmate health expense rendered it virtually certain that inmates would not obtain medical attention for their serious medical needs.

(Compl. at 4.) He claims the defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment.

## Analysis

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] *Neitzke v. Williams*,

---

[1] An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to §1915(e).

Mr. Cruz first claims that MTC, its shareholders, ODRC Director Terry Collins, and the LECI Warden are liable to him for his injuries. To establish a *prima facie* case under 42 U.S.C. § 1983, plaintiff must assert that a person acting under color of state law deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981). Generally to be considered to have acted "under color of state law," the person or entity must be a state or local government, a government official or employee of the state or local government. A private party may be found to have acted under color of state law to establish the first element of this cause of action only when the party "acted together with or ... obtained significant aid from state officials" and did so to such a degree that its actions may properly be characterized as "state action." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). An entity or individual may also be considered a state actor if the entity or individual exercises powers traditionally reserved to a state. *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 352 (1974).

While MTC may be sued under 42 U.S.C. § 1983, the same cannot be said for its shareholders. A private prison performs functions traditionally reserved to a state and for purposes of §1983 liability is considered to be a state actor. *Street v. Corrections Corporation of America*, 102 F.3d 810, 814 (6th Cir. 1996); *Skelton v. Pri-Cor, Inc.*, 963 F.2d 100 (6th Cir. 1991). LECI and MTC would therefore be considered state actors in this context. That same logic, however, does not readily apply to the shareholders of the corporation. These individuals are further removed

-3-

from the operations of the prison and cannot be said to personally perform a public function to be held liable under § 1983.  John Doe #1 and #2 do not qualify as "state actors."

Furthermore, although subject to suit under 42 U.S.C. § 1983, the claims against MTC and Terry Collins cannot be based on the theory of respondeat superior. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 692- 94 (1978).  Mr. Cruz may only hold these defendants liable under § 1983 for their own wrongdoing.  *Id.*  Liability under §1983 may only attach where the 'execution of [a supervisor's or] entity's policy or custom ... inflicts the injury... ." *Graham v. County of Washtenaw*, 358 F.3d 377, 382 (6th Cir.2004).  Mr. Cruz, however, has not demonstrated that these defendants made decisions concerning his medical treatment.

MTC and Mr. Collins, therefore, are liable under § 1983 only if their official policies or customs actually serve to deprive an individual of his or her constitutional rights.  *Id.*  A custom or policy can be unconstitutional in two ways.  It may be either facially unconstitutional as written or articulated, or it may be facially constitutional but consistently implemented to result in constitutional violations with explicit or implicit ratification by the entity. *Id.*  Where the identified policy is itself facially lawful, the plaintiff "must demonstrate that the entity's action was taken with 'deliberate indifference' as to its known or obvious consequences. A showing of simple or even heightened negligence will not suffice." *Bd. of County Comm'rs v. Brown*, 520 U.S. 397, 407 (1997). "Deliberate indifference is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." *Brown*, 520 U.S. at 410.  In other words, the risk of a constitutional violation arising as a result of the inadequacies in the municipal policy must be "plainly obvious." *Id.* at 412, 117; *see also Stemler v. City of Florence*, 126 F.3d 856, 865 (6th Cir.1997).  The policy identified by Mr. Cruz does not satisfy either of these

elements.

Mr. Cruz claims that in its contract with MTC to house prisoners from the state of Ohio, the ODRC agreed to assume the cost for extraordinary medical care for its inmates. Inmates who present medical issues which are beyond what MTC can treat, are transferred to a prison operated by the ODRC where they can receive proper treatment. This policy, on its face, is not unconstitutional. It does not deny medical care; it merely determines between two parties who will assume responsibility for the cost. Mr. Cruz must, therefore, demonstrate that MTC or Mr. Collins acted with deliberate indifference to known or obvious consequences when they negotiated payment of medical expenses. Contrary to Mr. Cruz's assertion, there is nothing plainly obvious in this decision which "rendered it virtually certain that inmates would not obtain medical attention for their serious medical needs." (Compl. at 4.) When it was apparent that Mr. Cruz was going to require care beyond simple emergency medical treatment, he was transferred to GCI. The GCI physician referred him to the OSU medical center where his arm was surgically repaired. There are no facts alleged in the complaint which reasonably suggest that MTC or Mr. Collins have a policy of deliberate indifference to the serious medical needs of inmates, or that Mr. Cruz was denied medical care.

Mr. Cruz also contends that Warden Ganshiemer is personally liable to him for his injuries. He contends that Mr. Ganshiemer "is responsible for the implementation of the defendant's concerted policy of deliberate indifference to inmates' serious medical needs and thus, conspires with defendant Collins and this ODRC to deprive inmates at [LECI], including Plaintiff, of their Civil Rights to Medical Care." (Compl. at 2.) Mr. Cruz cannot establish the liability of any defendant absent a clear showing that the defendant was personally involved in the activities which

-5-

form the basis of the alleged unconstitutional behavior. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Mullins v. Hainesworth*, No. 95-3186, 1995 WL 559381 (6th Cir. Sept. 20, 1995). The above quotation is the only allegation against Mr. Ganshiemer in the entire complaint. There is no indication in the Complaint that Mr. Ganshiemer was personally involved in any of the actions described or that he was in any way deliberately indifferent to Mr. Cruz's serious medical needs.

## Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

     /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
UNITED STATES DISTRICT JUDGE

Dated: 1/13/09

---

[2] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.